LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Jonathan D. Selbin (State Bar No. 170222)
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Daniel M. Hutchinson (State Bar No. 239458)
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

MEYER WILSON CO., LPA
Matthew R. Wilson (SB No. 290473)
Michael J. Boyle, Jr. (SB No. 258560)
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

*Attorneys for Plaintiff Younus Bayat, Mohammed Ereikat and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUNUS BAYAT and MOHAMMED EREIKAT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF THE WEST,<br><br>Defendant. | Case No.  13-CV-2376 (JCS)<br><br>**AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 ET SEQ. (TELEPHONE CONSUMER PROTECTION ACT)**<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

Plaintiffs Younus Bayat and Mohammed Ereikat (hereinafter referred to as "Plaintiffs"), individually and on behalf of all others similarly situated, allege on personal knowledge, investigation of their counsel, and on information and belief as follows:

**NATURE OF ACTION**

1. Plaintiffs bring this action for damages, and other legal and equitable remedies, resulting from the illegal actions of Bank of the West in negligently, knowingly, and/or

1  willfully contacting Plaintiffs and Class members on their cellular telephones without their prior
2  express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227
3  et seq. (hereinafter referred to as the "TCPA").  Bank of the West has violated the TCPA by
4  contacting Plaintiffs and Class members on their cellular telephones via an "automatic telephone
5  dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or by using "an artificial or prerecorded
6  voice" as described in 47 U.S.C. § 227(b)(1)(A), without their prior express consent within the
7  meaning of the TCPA.

       2.      Plaintiffs bring this action for injunctive relief and statutory damages resulting from Bank of the West's illegal actions.

## JURISDICTION AND VENUE

       3.      This matter in controversy exceeds $5,000,000, as each member of the proposed Class of tens of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA.  Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).  Further, Plaintiffs allege a national class, which will result in at least one Class member belonging to a different state.  Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.  This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

       4.      Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a), because Defendant is a California corporation with its principal place of business located in San Francisco, California; Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced; and Defendant's contacts with this District are sufficient to subject it to personal jurisdiction.

## PARTIES

       5.      Plaintiff Younus Bayat is, and at all times mentioned herein was, an individual citizen of the State of California, who resides in Long Beach, California.

       6.      Plaintiff Mohammed Ereikat is, and at all times mentioned herein was, an individual citizen of the State of California, who resides in San Bruno, California.

7. Bank of the West is a California corporation and full-service commercial bank, which maintains its principal place of business in San Francisco, California. Among other things, Bank of the West is engaged in the business of providing retail banking services to over one million consumers, including Plaintiffs and members of the proposed Class. Bank of the West serves customers in Arizona, California, Colorado, Idaho, Iowa, Kansas, Minnesota, Missouri, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Utah, Washington, Wisconsin, and Wyoming through a network of more than 600 branch locations and commercial banking offices.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

8. In 1991, Congress enacted the TCPA,[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

9. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

10. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

11. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

1119624.2 - 3 - AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
CASE NO. 13-CV-2376 (JCS)

behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4] The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

12. The Declaratory Ruling further specifies that "creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." [6]

**FACTUAL ALLEGATIONS**

13. At all times relevant, Plaintiff Bayat was an individual residing in the State of California. Plaintiff Bayat is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

14. Plaintiff Bayat applied for and received a business checking account with Bank of the West.

15. "During the transaction that resulted in the debt owed," Plaintiff Bayat did not provide express consent to receive prerecorded calls by Bank of the West on his cellular telephone.[7]

16. Bank of the West has repeatedly contacted Plaintiff Bayat on his cellular telephone. Plaintiff received repeated, harassing calls at all hours of the day. Because these calls were prerecorded, Plaintiff Bayat had no ability to request that the calls end or to voice his complaints to a real person.

---

[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

[6] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10); *accord In the Matter of The Joint Petition Filed by DISH Network, LLC, et al., for Declaratory Ruling Concerning the Telephone Consumer Protection Act (TCPA) Rules*, 2013 FCC LEXIS 2057, at *50 (F.C.C. May 9, 2013) (¶ 38).

[7] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

1119624.2 - 4 - AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
CASE NO. 13-CV-2376 (JCS)

1        17.    At all times relevant, Plaintiff Ereikat was an individual residing in the
2  State of California. Plaintiff Ereikat is, and at all times mentioned herein was, a "person" as
3  defined by 47 U.S.C. § 153(39).
4        18.    In 2000, Ereikat applied for a Bank of the West "Gold Line "Overdraft
5  Protection" program for a checking account he held with Bank of the West.
6        19.    "During the transaction that resulted in the debt owed," Plaintiff Eriekat
7  did not provide express consent to receive prerecorded calls by Bank of the West on his cellular
8  telephone.[8]
9        20.    Bank of the West has repeatedly contacted Plaintiff Ereikat on his cellular
10 telephone. Plaintiff Ereikat received repeated, harassing calls at all hours of the day. Because
11 these calls were prerecorded, Plaintiff Ereikat had no ability to request that the calls end or to
12 voice his complaints to a real person.
13       21.    Bank of the West is, and at all times mentioned herein was, a "person",
14 as defined by 47 U.S.C. § 153(39).
15       22.    All telephone contact by Bank of the West to Plaintiffs on their cellular
16 telephones occurred via an "automatic telephone dialing system," as defined by 47 U.S.C.
17 § 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C.
18 § 227(b)(1)(A).
19       23.    The telephone number that Bank of the West used to contact Plaintiffs,
20 with an "artificial or prerecorded voice" and/or made by an "automatic telephone dialing system,"
21 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).
22       24.    Plaintiffs did not provide "express consent" allowing Bank of the West to
23 place telephone calls to Plaintiffs' cellular phone utilizing an "artificial or prerecorded voice" or
24 placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C.
25 § 227(b)(1)(A).
26       25.    Bank of the West's telephone calls to Plaintiffs' cellular phone were not
27 "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

---

[8] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

1119624.2     - 5 -    AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
CASE NO. 13-CV-2376 (JCS)

26. Bank of the West's telephone calls to Plaintiffs' cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiffs' prior express consent violated 47 U.S.C. § 227(b)(1)(A).

27. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Bank of the West to demonstrate that Plaintiffs provided express consent within the meaning of the statute.[9]

## CLASS ACTION ALLEGATIONS

28. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated (hereinafter referred to as "the Class").

29. Plaintiffs propose the following Class definition, subject to amendment as appropriate:

> All persons within the United States who, on or after November 2, 2008, received a non-emergency telephone call from Bank of the West to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice.

Collectively, all these persons will be referred to as "Class members." Plaintiffs represent, and are members of, the Class. Excluded from the Class are Bank of the West and any entities in which Bank of the West has a controlling interest, Bank of the West's agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

30. Plaintiffs do not know the exact number of members in the Class, but based upon the representations of Bank of the West as to its market share, Plaintiffs reasonably believe that Class members number at minimum in the tens of thousands.

31. Plaintiffs and all members of the Class have been harmed by the acts of Bank of the West.

32. This Class Action Complaint seeks injunctive relief and money damages.

---

[9] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

33. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Bank of the West.

34. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual Class members. Those common questions of law and fact include, but are not limited to, the following:

    a. Whether Bank of the West made non-emergency calls to Plaintiffs and Class members' cellular telephones using an automatic telephone dialing system and/or an artificial or prerecorded voice;

    b. Whether Bank of the West can meet its burden of showing it obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

    c. Whether Bank of the West's conduct was knowing and/or willful;

    d. Whether Bank of the West is liable for damages, and the amount of such damages; and

    e. Whether Bank of the West should be enjoined from engaging in such conduct in the future.

35. As a person who received numerous and repeated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without his prior express consent within the meaning of the TCPA, Plaintiffs assert claims that are typical of each Class member. Plaintiffs will fairly and adequately represent and protect the interests of the Class, and have no interests which are antagonistic to any member of the Class.

36. Plaintiffs have retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA.

37. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Bank of the West to comply with the TCPA. The interest of Class members in individually controlling the

1  prosecution of separate claims against Bank of the West is small because the statutory damages in
2  an individual action for violation of the TCPA are small.  Management of these claims is likely to
3  present significantly fewer difficulties than are presented in many class claims because the calls at
4  issue are all automated and the Class members, by definition, did not provide the prior express
5  consent required under the statute to authorize calls to their cellular telephones.

6     38. Bank of the West has acted on grounds generally applicable to the Class,
7  thereby making final injunctive relief and corresponding declaratory relief with respect to the
8  Class as a whole appropriate.  Moreover, on information and belief, Plaintiffs allege that the
9  TCPA violations complained of herein are substantially likely to continue in the future if an
10  injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*.**

15     39. Plaintiffs incorporate by reference the foregoing paragraphs of this
16  Complaint as if fully stated herein.
17     40. The foregoing acts and omissions of Bank of the West constitute
18  numerous and multiple knowing and/or willful violations of the TCPA, including but not limited
19  to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*
20     41. As a result of Bank of the West's knowing and/or willful violations of
21  47 U.S.C. § 227 *et seq.*, Plaintiffs and each member of the Class are entitled to treble damages of
22  up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C.
23  § 227(b)(3).
24     42. Plaintiffs and all Class members are also entitled to and do seek
25  injunctive relief prohibiting such conduct violating the TCPA by Bank of the West in the future.
26  Plaintiffs and Class members are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ*.**

43. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

44. The foregoing acts and omissions of Bank of the West constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

45. As a result of Bank of the West's violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

46. Plaintiffs and Class members are also entitled to and do seek injunctive relief prohibiting Bank of the West's violation of the TCPA in the future.

47. Plaintiffs and Class members are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs and all Class members the following relief against Defendant:

A. Injunctive relief prohibiting such violations of the TCPA by Bank of the West in the future;

B. As a result of Bank of the West's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs seeks for themselves and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

C. As a result of Bank of the West's violations of 47 U.S.C. § 227(b)(1), Plaintiffs seeks for themselves and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

D. An award of attorneys' fees and costs to counsel for Plaintiffs and the Class;

E. An order certifying this action to be a proper class action pursuant to Federal Rule

of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiffs are a proper representatives of the Class, and appointing the lawyers and law firms representing Plaintiffs as counsel for the Class;

  F. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

Dated: June 28, 2013   Respectfully submitted,

By: */s/ Daniel M. Hutchinson*
  Daniel M. Hutchinson

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Daniel M. Hutchinson (State Bar No. 239458)
Email:  dhutchinson@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Jonathan D. Selbin (State Bar No. 170222)
Email:  jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592

MEYER WILSON CO., LPA
Matthew R. Wilson (State Bar No. 290473)
Email:  mwilson@meyerwilson.com
Michael J. Boyle, Jr. (State Bar No. 258560)
Email:  mboyle@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone:  (614) 224-6000
Facsimile:  (614) 224-6066

*Attorneys for Plaintiffs Younus Bayat and Mohammed Ereikat and the Proposed Class*