UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUNUS BAYAT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF THE WEST, <br><br> Defendant. <br> _____/ | No. C-13-2376 EMC <br><br><br> **ORDER RE SUPPLEMENTAL BRIEFING** <br><br> **(Docket No. 32)** |

The Court has reviewed Plaintiffs' motion for preliminary approval. Having reviewed the motion, the Court hereby orders the parties to provide supplemental briefing as discussed below. A joint supplemental brief shall be filed by **Friday, June 13, 2014**.

1. <u>First Amended Complaint</u>

Based on the allegations in the first amended complaint, it appears that both named Plaintiffs were "customers" of the Bank. *See* FAC ¶¶ 14, 18 (alleging that one plaintiff had a business checking account and that the other plaintiff had a personal checking account). It is not clear from the complaint, however, why the Bank sent messages to Plaintiffs' cell phones – *e.g.*, to promote a Bank product or service, to collect a debt, etc. The parties should provide at least some description of the subject matter of the communications sent, both to Plaintiffs and (in general) to the putative class.

2. <u>Prior Express Consent</u>

Based on the motion, it appears that the critical issue in this case concerns "prior express consent." The motion indicates that a 2008 FCC ruling (regarding prior express consent in the debt

collection context) is a significant case. *See In the Matter of Rules & Regs. Implementing the TCPA*, 23 F.C.C.R. 559 (2008). Plaintiffs argue that the 2008 ruling supports their position that a bank may contact a customer on her cell phone only if she provided that number at the time of account origination. *See id.* at 564-65 (stating that "prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided *during the transaction that resulted in the debt owed*") (emphasis added). The Bank contends otherwise – *i.e.*, taking the position that, based on the 2008 ruling, prior express consent is given so long as the customer provides the cell phone number at any time during the life of the account. *See id.* at 559 (stating that "autodialed and prerecorded message calls to wireless numbers that are provided by the called party to a creditor *in connection with an existing debt* are permissible as calls made with the 'prior express consent' of the called party") (emphasis added). The parties should cite any authority to support their respective interpretations of the 2008 ruling.

In addition, the parties should address whether there is any authority other than the 2008 FCC ruling that is relevant given the facts in the case at hand. *See, e.g.*, *In the Matter of Rules & Regs. Implementing the TCPA*, 7 F.C.C.R. 8752, 8769 (1992) (stating that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary" and, "[h]ence, telemarketers will not violate our rules by calling a number which was provided as one which the called party wishes to be reached").

3. <u>Injunctive Relief</u>

The proposed settlement provides both for monetary relief and injunctive relief. With respect to the latter, the settlement provides that, "for Class Members who execute a valid and timely request ('Revocation Request'), Bank of the West shall not make use of . . . an automatic telephone dialing system and/or an artificial or prerecorded voice, to call Class Members' cellular telephones or to send text messages to their cellular telephones." Mot. at 5; *see also* Sett. Agreement § III.C.1. The parties should clarify whether this relief is available only for class members (as opposed to any Bank customer). In addition, the Bank should clarify what its practice will be regarding use of an automatic telephone dialing system and/or an artificial or prerecorded

voice to call its customers' cell phones or to send text messages to its customers' cell phones in the future.

4. <u>Attorney's Fees and Costs</u>

Plaintiffs should state (1) what their claimed lodestar is and (2) what their claimed costs are. For the lodestar, Plaintiffs should specify the number of hours incurred as well as the range for the hourly rates.

5. <u>Cy Pres Beneficiary</u>

The parties should address how the proposed cy pres beneficiary (Opportunity Fund) is related to the subject matter of the lawsuit and the class members, including their location. *See, e.g.*, *Dennis v. Kellogg Co.*, 697 F.3d 858 (9th Cir. 2012); *Nachsin v. AOL, LLC*, 663 F.3d 1064 (9th Cir. 2011).

6. <u>Release</u>

Under the settlement agreement, Plaintiffs and the class release all claims

> (a) that arise out of or are related in any way to the use of an "automatic telephone dialing system' or an "artificial or prerecorded voice" to make "calls" to a cellular telephone (to the fullest extent those terms are used, defined or interpreted by the [TCPA] . . . *and any other statutory or common law claim arising from the use of automatic dialing systems or an artificial or prerecorded voice*, including any claim under or for violation of federal or state unfair and deceptive practices statutes, violations of any federal or state debt collection practices acts . . . , invasion of privacy, conversion, breach of contract, unjust enrichment, specific performance and/or promissory esteoppel; or (b) that arise out of or relate in any way to the administration of the settlement . . . .

Sett. Agreement § III.R (emphasis added).

The Court has some concern as to whether the above release is overbroad based, in particular, on the italicized language above. There is, *e.g.*, no limitation as to the *particular* use of the automatic dialing systems or artificial or prerecorded voice – *i.e.*, to make "calls" (including voice and text messages) to a cell phone.

7. <u>CAFA Notice</u>

The parties should address whether CAFA notice is required, and if so, when it will be given. *See* http://cand.uscourts.gov/ClassActionSettlementGuidance.

8.  <u>Class Notice – E-Mail Notice and Publication Notice (Exhibits C and D of Settlement Agreement)</u>

   a.  <u>Terms of the Settlement</u>

The section titled "Terms of the Settlement" should be highlighted in some fashion for the e-mail recipient.

   b.  <u>Making a Claim</u>

It is not clear from the e-mail notice and publication notice that a claim (as opposed to a revocation request) can be submitted over the telephone. *See* Sett. Agreement III.F.2; *see also* Sett. Agreement, Ex. E (Section 10 of website notice).

   c.  <u>Objecting or Commenting</u>

In the section titled "Deadlines Under the Settlement," the discussion of objections/comments is confusing. More specifically, the paragraph does not make clear that an objector must still submit a claim form and/or revocation request form if she wants to obtain any relief under the settlement.

   d.  <u>Publication Notice Only</u>

The settlement agreement provides that publication notice will be effected through Parade Magazine (only certain "zones") and through the Tulsa World, The Oklahoman, the Kansas City Star, the Springfield News Leader, and the Kansas Newspaper Group. *See* Sett. Agreement § III.K.4. The motion indicates that these publications were chosen in order to "target[] to the 19 states in which Bank of the West has retail banking locations." Mot. at 9. The parties should state which 19 states are at issue. The parties should also explain what states are covered by the Parade Magazine zones.

In addition, the parties should explain what is meant by "place[ment] [of the advertisement] based on run of press." Sett. Agreement § III.K.4.

Finally, the parties should address whether a one-time advertisement is sufficient publication notice, particularly given the number of class members for which the Bank does not have contact information.

///

9. <u>Class Notice – Website Notice (Exhibit E of Settlement Agreement)</u>

    a. <u>Terms of the Settlement</u>

On the first page of the notice, there should be a short statement regarding the likely pay-out for each class member (*i.e.*, $25 to 50). Also, there should be a short statement regarding the injunctive relief and the need to submit a revocation request form to obtain that relief.

    b. <u>Options</u>

The section regarding a class member's options should clarify that a class member can submit *both* a revocation request form and a claim form.

Also, the section should clarify that an objector must still submit a revocation request form and/or a claim form if she wants to obtain any relief under the settlement.

    c. <u>Section 5</u>

The actual dollar figure being requested for attorney's fees should be stated, and not just the percentage.

Also, there should be a statement reflecting that part of the total settlement fund will pay for claims administration costs (approximately $413,607). *See* Mot. at 10.

    d. <u>Sections 15 and 20</u>

The Court's preference is for objections to be sent to the Court only. *See* http://cand.uscourts.gov/ClassActionSettlementGuidance.

    e. <u>Section 18</u>

The information for the final approval hearing should include a reference to the seventeenth floor (*i.e.*, where the courtroom is located).

IT IS SO ORDERED.

Dated: June 9, 2014

_____
EDWARD M. CHEN
United States District Judge