UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUNUS BAYAT and MOHAMMED EREIKAT, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>BANK OF THE WEST,<br><br>　　　　　Defendant. | Case No. 13-CV-2376 (EMC)<br><br>**[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN, AND (4) SETTING FINAL APPROVAL HEARING** |

Plaintiffs Younus Bayat and Mohammed Ereikat (together, "Plaintiffs"), on the one hand, and defendant Bank of the West ("BOW," and together with Plaintiffs, "the Parties"), on the other hand, have agreed, subject to Court approval following notice to the proposed Settlement Class (as described in Paragraph 4 below) and a hearing, to settle the action entitled *Younus Bayat and Mohammed Ereikat v. Bank of the West*, Case No. 3-13-cv-02376 EMC (the "Action") upon the terms and conditions set forth in the settlement agreement lodged with this Court (the "Agreement").

Application has been made for preliminary approval of the settlement set forth in the Agreement. The Court has received and reviewed (1) the Agreement and all Exhibits attached thereto; (2) Plaintiffs' Memorandum in Support of the Motion for Preliminary Approval of Class Action Settlement and all Exhibits attached thereto; and (3) all other pleadings and matters of record.

The Court considered the Agreement to determine, among other things, whether the settlement is sufficient to warrant the issuance of notice to members of the Settlement Class (as defined below). Upon review of the Agreement, it is hereby ORDERED as follows:

1. The definitions and terms set forth in the Agreement are hereby adopted and incorporated into this Preliminary Approval Order, except as otherwise defined, and are used hereafter.

2. The Court has jurisdiction over the subject matter of the Action, the Parties and all persons in the Settlement Class.

3. Subject to this Court's authority to determine whether to finally approve the Agreement at the Final Approval Hearing:

    a. The Court hereby preliminarily approves the Agreement (as amended by the parties, *see* Docket No. 40-1) as being a fair, reasonable and adequate settlement as to all persons in the Settlement Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure, as within the reasonable range for possible final approval, and as being the product of

- 2 -
[PROPOSED] ORDER
CASE NO. 13-CV-2376 (EMC)
1172201.3

informed, arm's length negotiation by counsel, and directs the Parties to proceed with the Agreement pursuant to the terms and conditions of the Agreement and Exhibits thereto.

   b. The terms of the Agreement (as amended by the parties) are preliminarily approved for the purpose of providing Class Notice to the Settlement Class.

 4. The Court, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

> All persons within the United States to whom, on or after November 2, 2008 through the date of entry of this Preliminary Approval Order, a non-emergency telephone call was attempted by Bank of the West, or any other entity on its behalf, to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice. Excluded from the Settlement Class are BOW and any affiliate or subsidiary of BOW, along with any employees thereof, and any entities in which any of such companies have a controlling interest, the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family, as well as all persons who validly opt out of the Settlement Class.

 5. The Court hereby approves Plaintiffs as representatives of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure, and finds that, for settlement purposes only, these representative plaintiffs have protected and will continue to fairly and adequately protect the interests of the Settlement Class.

 6. The Court hereby also approves Lieff Cabraser Heimann & Bernstein, LLP and Meyer Wilson Co., LPA as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure, and finds that, for settlement purposes only, Class Counsel have protected and will continue to fairly and adequately protect the interests of the Settlement Class.

 7. Class Counsel are authorized to act on behalf of the Settlement Class with respect to all acts required by the Agreement or such other acts that are reasonably necessary to consummate the Agreement.

 8. The Court appoints Gilardi & Co. LLC to serve as the Claims Administrator, and directs Gilardi & Co. LLC to carry out all duties and responsibilities of the Claims Administrator specified in the Agreement, including implementing the Class Notice.

 9. Neither certification of the Settlement Class for settlement purposes only, nor any other act relating to the negotiation, execution or implementation of the Agreement, including,

but not limited to, confirmatory discovery, shall be considered as a factor in connection with any class certification issue(s) if the Agreement terminates or final approval does not occur. All confirmatory discovery provided by BOW shall also be inadmissible in evidence for any purpose if the Agreement terminates or final approval does not occur.

10. Pending final approval of the Agreement, Class Counsel, with BOW's written consent, may pay amounts necessary to cover the costs of Class Notice and settlement administration from the Settlement Amount in the Escrow Account. Should Final Approval be withheld or not granted for any reason, or should the Agreement not become effective for any reason, the entire Settlement Amount, including any amounts advanced from the Settlement Amount in the Escrow Account for the costs of Class Notice and settlement administration but not yet spent, shall be returned to BOW with all applicable interest.

11. The Escrow Account shall be subject to the continuing jurisdiction of the Court. No funds shall be disbursed from the Escrow Account except as provided in the Agreement and with the written agreement of BOW.

12. The Court hereby finds and orders that the proposed Class Notice set forth in Section III.K of the Agreement, the Claim Form submission plan set forth in Section III.F of the Agreement and the Revocation Request submission plan set forth in Section III.C.1 fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, provide the best notice practicable under the circumstances to the Settlement Class, provide due and sufficient individual notice to the persons in Settlement Class who can be identified through reasonable effort and provide due and sufficient publication notice to the remainder of the Settlement Class.

13. The Court hereby approves the form and substance of the Claim Form (attached to the Agreement as Exhibit A); the E-mail, Mail, Publication Notice and Website Notice (as modified by the parties, *see* Docket Nos. 36-1 (E-mail and Mail Notice); 36-2 (Publication Notice); and 36-4 (Website Notice)); and the Revocation Request (attached to the Agreement as Exhibit B). The Court hereby instructs the Parties to proceed with Class Notice in the manner set forth in Sections III.K of the Agreement, provided that the Parties, by agreement, may revise the E-Mail Notice, the Mail Notice, the Website Notice, the Publication Notice, the Revocation

Request and/or the Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy and clarity and may adjust the layout of those documents for efficient mailing and/or electronic presentation.

14. Class Notice shall be disseminated no later than September 5, 2014. The deadline for submitting a claim shall be December 4, 2014.

15. The Claims Administrator shall, by December 15, 2014, file with the Court a declaration or declarations confirming the notice that it provided in accordance with the Agreement.

16. The Class Notice will inform persons in the Settlement Class of their right to submit a request for exclusion, or "opt-out," from the conditionally certified Settlement Class. The Class Notice will inform persons in the Settlement Class that they may opt out of the Settlement by sending a written request ("Opt-Out Request") to the Claims Administrator at the address designated in the Class Notice no later than 90 days after Class Notice is disseminated.

17. Opt-Out Requests must: (a) be signed; (b) include the full name, address, telephone number and account number(s) of the person(s) requesting exclusion (except that persons in the Settlement Class who do not currently have and have not previously had some banking, lending or other relationship with BOW, shall not be required to include an account number); and (c) include the following statement: "I/we request to be excluded from the class settlement in <u>Bayat v. Bank of the West</u>, N.D. Cal., Case No. 13-cv-2376 (EMC)." No Opt-Out Request will be valid unless all of the information described above is included. For any person in the Settlement Class who has more than one account, the Opt-Out Request must specify each separate account. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person, may exclude any other person in the Settlement Class from the Settlement Class.

18. If a timely and valid Opt-Out Request is made by a person in the Settlement Class, then that person is not a Settlement Class Member (as specifically defined in the Agreement), and the Agreement and any determinations, judgments, and/or orders concerning it shall not bind the excluded person.

1    19.     All persons in the Settlement Class who do not opt out in accordance with the
2 terms set forth in the Agreement shall be bound by all determinations and judgments concerning
3 the Agreement and the settlement contemplated thereby.

4    20.     The Court's preliminary approval of the settlement shall be subject to further
5 consideration at the Final Approval Hearing, which will be held before this Court on January 7,
6 2015 at 10:00 a.m.  The Court will determine at or following the Final Approval Hearing whether
7 the proposed settlement is fair, reasonable and adequate and should be finally approved by the
8 Court, the amount of attorneys' fees and costs that should be awarded to Class Counsel, and any
9 amounts to be awarded to Plaintiffs for their contributions to the Settlement Class.  The date and
10 time of the Final Approval Hearing shall be set forth in the Class Notice.  The Court retains
11 jurisdiction to consider all further applications arising out of or in connection with the Agreement.

12    21.     The Parties shall make the following filings:

13    •   By November 4, 2014, Class Counsel shall file an application for attorneys' fees,
14 Plaintiffs' incentive awards and reimbursement of costs, as contemplated in the Agreement.

15    •   By December 15, 2014, Class Counsel and/or BOW's Counsel shall file with the
16 Court any papers in support of final approval of the settlement, including any response to any
17 timely filed objections to the settlement.  Copies of all papers shall be served upon all persons or
18 their counsel who file a valid and timely objection to the settlement (as described in Paragraph 22
19 below).

20    •   By December 15, 2014, Class Counsel shall cause to be filed with the Clerk of this
21 Court:  (a) a list of persons in the Settlement Class who made timely and proper Opt-Out
22 Requests to be filed under seal; and (b) a response to any objection to the request for an award of
23 attorneys' fees and expenses of Class Counsel and/or any incentive awards for Plaintiffs.

24    22.     Any Settlement Class Member may appear at the Final Approval Hearing, in
25 person or by counsel (if an appearance is filed and served), and may be heard, to the extent
26 allowed by the Court in support of, or in opposition to, the fairness, reasonableness and adequacy
27 of the Agreement, the application for an award of attorneys' fees, costs and expenses to Class
28 Counsel and any incentive awards for Plaintiffs.  Unless such requirement is excused by the

- 6 -                [PROPOSED] ORDER
                    CASE NO. 13-CV-2376 (EMC)

1172201.3

Court, no person shall be heard in opposition to the Agreement, the application for an award of attorneys' fees and costs to Class Counsel or to any incentive awards for Plaintiffs unless, no later than 90 days after Class Notice is disseminated, such Settlement Class Member files with the Clerk of the Court a notice of an intention to appear together with a statement that includes:  (a) the name and case number of the Action; (b) the objector's full name, address and telephone number; (c) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (d) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his or her counsel; (e) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection; (f) the identity of all counsel representing the objector who will appear at the Final Approval Hearing; (g) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; (h) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (i) the objector's signature (an attorney's signature is not sufficient).  Copies of such notice, statement and documentation, together with copies of any other papers or briefs filed with the Court, must be delivered to Class Counsel and BOW's Counsel and postmarked no later than 90 days after Class Notice is disseminated.  Any Settlement Class Member who does not object in the foregoing manner shall be deemed to have waived all objections and shall be foreclosed from making any objections to the Agreement.

23. The Court reserves the right to adjourn and/or reschedule the Final Approval Hearing without further notice of any kind; therefore, any Settlement Class Member intending to attend the Final Approval Hearing should (in addition to complying with all instructions and requirements above) confirm the date, time and location of the Final Approval Hearing with Class Counsel.

24. All Settlement Class Members shall be bound by all determinations and judgments in the Actions, whether favorable or unfavorable to the Settlement Class.

1    25.     Pending the final determination of whether the settlement should be approved, all
2  pre-trial proceedings and briefing schedules in the Action are stayed.  If the settlement is
3  terminated or final approval does not for any reason occur, the stay shall be terminated.

4    26.     Pending the final determination of whether the settlement should be approved,
5  Plaintiffs and each person in the Settlement Class are hereby stayed and enjoined from
6  commencing, pursuing, maintaining, enforcing or prosecuting, either directly or indirectly, any
7  Released Claims in any judicial, administrative, arbitral or other forum, against any of the
8  Released Parties; provided, that this injunction shall not apply to individual claims of any person
9  in the Settlement Class who has timely and properly opted out from the Settlement Class as
10 permitted by the Court.  Such injunction shall remain in force until Final Approval or until such
11 time as the Parties notify the Court that the settlement has been terminated.  Nothing herein shall
12 prevent any person in the Settlement Class, or any person actually or purportedly acting on behalf
13 of any such person, from taking any actions to stay and/or dismiss any Released Claim(s).  This
14 injunction is necessary to protect and effectuate the Agreement, this Preliminary Approval Order
15 and the Court's flexibility and authority to effectuate the Agreement and to enter judgment when
16 appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

17   27.     If the Agreement is not approved or consummated for any reason whatsoever, the
18 Agreement and all proceedings in connection with the Agreement shall be without prejudice to
19 the right of BOW or Plaintiffs to assert any right or position that could have been asserted if this
20 Agreement had never been reached or proposed to the Court, except insofar as the Agreement
21 expressly provides to the contrary.  In such an event, the Parties shall return to the status quo ante
22 in the Action and the certification of the Settlement Class shall be deemed vacated.  The
23 certification of the Settlement Class for settlement purposes shall not be considered as a factor in
24 connection with any subsequent litigation of class certification in this Action or any other action
25 or proceeding.

26   28.     If the settlement is finally approved by the Court, the Court shall retain jurisdiction
27 over the Parties and the Settlement Class Members with respect to all matters arising out of, or
28 connected with, the Agreement, and may issue such orders as necessary to implement the terms of

1  the Agreement. The Court may approve the Agreement, with such modifications as may be

2  agreed to by the Parties, without further notice to persons in the Settlement Class.

3        29.     In the event that any of the provisions of this Preliminary Approval Order is

4  asserted by BOW as a defense in whole or in part to any Released Claim or otherwise asserted

5  (including, without limitation, as a basis for a stay) in any other suit, action or proceeding brought

6  by a Settlement Class Member or any person actually or purportedly acting on behalf of any

7  Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and

8  enjoined until this Court or the court or tribunal in which the claim is pending has determined any

9  issues related to such defense or assertion. Solely for purposes of such suit, action or other

10 proceeding, to the fullest extent they may effectively do so under applicable law, the Parties

11 irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim

12 or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any

13 way, an improper venue or an inconvenient forum. These provisions are necessary to protect the

14 Agreement, this Preliminary Approval Order and this Court's flexibility and authority to

15 effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its

16 judgment.

17       30.     The Agreement (including, without limitation, its Exhibits), and any and all

18 negotiations, documents and discussions associated with it, including, but not limited to,

19 confirmatory discovery, shall not be deemed or construed to be an admission or evidence of any

20 violation of any statute, law, rule, regulation or principle of common law or equity, or of any

21 liability or wrongdoing by BOW, or the truth of any of the claims asserted in the Action, and

22 evidence relating to the Agreement shall not be discoverable or used, directly or indirectly, in any

23 way, whether in the Action or in any other action or proceeding, except for purposes of

24 demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement,

25 this Preliminary Approval Order and/or the Final Approval Order.

26       Accordingly, the following are the deadlines by which certain events must occur:

27       September 5, 2014                                 Deadline to provide Class Notice

28

| | |
|---|---|
| November 4, 2014 | Deadline for posting on Settlement Website of Class Counsel's Application for an Award of Attorneys' Fees and Costs |
| December 4, 2014 | Last day to submit an opt out, objection to Agreement, Claim Form and/or Revocation Request |
| December 15, 2014 | Deadline for the Parties to file responses to objections |
| January 7, 2015 at 10:00 a.m. | Final Approval Hearing |

**IT IS SO ORDERED.**

Dated:  July 22, 2014

*(Stamp: IT IS SO ORDERED AS MODIFIED — Judge Edward M. Chen, United States District Court, Northern District of California)*

- 10 -

[PROPOSED] ORDER
CASE NO. 13-CV-2376 (EMC)

1172201.3